# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**CHARLES CRAIG PARKER, #68228**                                **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 1:17-cv-20-HSO-JCG**

**HANCOCK COUNTY JAIL, et al.**                                 **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record in this case and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

## I. BACKGROUND

Pro se Plaintiff Charles Craig Parker initiated this action on January 25, 2017, while he was incarcerated in the Pearl River County Jail, Poplarville, Mississippi. On February 21, 2017, United States Magistrate Judge John C. Gargiulo entered an Order [6] requiring Plaintiff to file a response, on or before March 22, 2017, providing specific information regarding his claims. The Order [6] warned Plaintiff that his failure to timely comply with the requirements of the Order or advise the Court of a change of address may lead to the dismissal of the Complaint. Order [6] at 3. Two days later, Plaintiff filed a Change [7] of Address and the Court entered an Order [8] directing the Clerk to mail a copy of the Order [6] entered February 21, 2017, to Plaintiff at his new address. That Order [8] further directed Plaintiff to file his response on or before March 22, 2017. Plaintiff did not respond to this Order [8].

On April 14, 2017, the Magistrate Judge entered an Order to Show Cause [11] requiring that Plaintiff on or before May 8, 2017: (1) file a written response, showing cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's prior Orders [6, 8]; and (2) comply with the Court's prior Order [6], by filing the required response. Order [11] at 1-2. Plaintiff was cautioned that his failure to timely comply with this Order or his failure to keep the Court informed of his current address may result in the dismissal of this case. *Id*. at 2. The envelope [12] containing the Order to Show Cause [11] was returned by the Postal Service with a hand-written notation "Return to Sender no longer at facility" as well as a stamped notation "return to sender, not deliverable as addressed, unable to forward." Plaintiff did not respond to this Order [11] or provide a change of address.

Since Plaintiff is proceeding pro se, he was provided one final opportunity to comply with the Court's Orders prior to the dismissal of this case. On May 31, 2017, the Magistrate Judge entered a Second and Final Order to Show Cause [13]. The Order [13] required that on or before June 22, 2017, Plaintiff: (1) file a written response, showing cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's previous Orders; and (2) comply with the Court's previous Orders by filing the required responses. Order [13] at 1-2. Plaintiff was again warned that his "failure to timely comply with the Order of the Court or failure to advise the Court of a change of address will be deemed as a purposeful delay and contumacious act by Plaintiff and ***will result*** in this cause being

dismissed without prejudice and ***without*** further notice to Plaintiff." *Id*. at 2. The envelope [14] containing this Order was returned by the Postal Service with a hand-written notation "Return to Sender" and a stamped notation "return to sender, refused, unable to forward." Plaintiff did not respond to this Order or provide a change of address.

## II. DISCUSSION

This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630-31.

Plaintiff did not comply with three Court Orders and did not provide a change of address even after being warned several times that failing to do so might result in the dismissal of his lawsuit.[1] Order [3] at 2; Order [5] at 2; Order [6] at 3; Order [8] at 1; Order [11] at 2; Order [13] at 2. Plaintiff has not contacted the

---

[1]The record reveals that Plaintiff understood that he was required to provide a change of address because he previously filed a change of address with the Court. *See* Pl.'s Change of Address [7].

3

Court since February 23, 2017. Such inaction represents a clear record of delay or contumacious conduct by Plaintiff. It is apparent to the Court that Plaintiff no longer wishes to pursue this lawsuit. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

III. CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated above, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 11th day of July, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE